# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8775 | **DATE** | March 8, 2001 |
| **CASE TITLE** | Asher v. Gallagher | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Gallagher's Motion for Sanctions under Rule 37(c)(2) [182-1] is denied. Asher's motion for Rule 11 sanctions [ ] is taken under advisement and Charles M. Coate is to respond to the motion by March 29, 2001. Asher may reply by April 12, 2001. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | MAR 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | 3/7/01 | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | 01 MAR -8 12:40 04 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL ASHER, | ) |
| Plaintiff, | ) |
| vs. | ) No. 97 C 8775 |
| PATRICK F. GALLAGHER, | ) |
| Defendant. | ) |
| PATRICK F. GALLAGHER, | ) |
| Counterclaimant/Crossclaimant | ) |
| vs. | ) |
| WT ENTERTAINMENT, INC. | ) |
| vs. | ) |
| DANIEL ASHER, et al. | ) |
| Counterclaimant/Crossdefendant | ) |

DOCKETED
MAR 0 9 2001

**MEMORANDUM OPINION AND ORDER REGARDING COUNTERCLAIMANT PATRICK F. GALLAGHER'S MOTION FOR FEES & COSTS PURSUANT TO RULE 37(c)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

A jury found that, by virtue of a provision in the Settlement Agreement, Daniel Asher had released his claim against Patrick F. Gallagher for repayment of the $200,000 loan. Prior to trial, in response to a Rule 36 Request for Admission, Gallagher denied that

he had released the claim.

Gallagher now moves for fees and expenses incurred subsequent to Asher's refusal to make the requested admission. This motion is brought pursuant to Rule 37(c)(2), which provides for such relief ". . . if the party requesting the admissions thereafter proves . . . the truth of the matter," unless the court finds that "the party failing to admit had reasonable ground to believe that the party might prevail on the matter . . . ."

Gallagher takes the position that the jury verdict establishes the fact of the release for purposes of Rule 37(c)(2). He also asserts repeatedly in his initial and reply briefs on this motion that it was proved at trial that Asher brought this lawsuit to ruin Gallagher financially. Asher's refusal to admit the release, therefore, was simply a part of the plan to ruin Gallagher financially.

Sanctions under the Rule are usually appropriate where the matter in question is proved beyond any reasonable dispute, as where the party denying the request for admission is confronted at trial with evidence he is unable to rebut and either knew or should have known about the evidence at the time he denied the request. But a jury verdict does not by itself establish a fact to that degree of certitude. A verdict, after all, is based upon what the jury finds to be "more probably true than not true." There can be, and usually is, uncertainty about the actual facts even after the

jury verdict. That is because the jury is not given the impossible task of determining anything to a certainty; it is simply asked to decide which version of the facts is more believable.

Gallagher's reliance on the jury verdict to show his entitlement to fees and expenses under Rule 37 is wholly misplaced. This would be true even if the issue of release had not been as close as it was. But there was a very substantial fact issue, which is why the court denied both parties' directed verdict motions and submitted the case to the jury. That alone would ordinarily suffice to demonstrate that, in the language of the Rule, "the party failing to admit had reasonable ground to believe that the party might prevail on the matter . . ." Unless that were true, it is difficult to see how any party "failing to admit" could ever escape Rule 37 sanctions if the trier of fact found against him on the matter as to which the admission was requested.

But in this case, Asher had much more reason for optimism than the usual hope of winning the swearing contest that routinely requires submission of a case to a jury. The release issue was legally complicated in several respects, including a fundamental question as to whether the parol evidence Gallagher relied upon to prove the release was even admissible.

Gallagher's notion that Asher's motive in refusing the request to admit is illuminated by proof that Asher intended to ruin Gallagher financially is simply wishful thinking. A statement to

that effect was attributed to Asher, but he denied making it. The jury made no finding on the matter and nothing about the verdict provides an answer one way or the other.

Gallagher's motion for Rule 37(c)(2) sanctions is completely lacking in merit and it will be denied.

\*   \*   \*   \*

As part of his Response to Gallagher's Motion, Asher has moved for Rule 11 sanctions. Gallagher has not responded to this counter-motion, nor would we have expected him to until his own motion had been decided. Now, however, a response is required. If sanctions are appropriate, they would lie against the attorney who brought the Rule 37(c) motion, not Mr. Gallagher. See Rule 11(c)(2)(A). Although Gallagher had local counsel, his primary attorney has been Charles M. Coate, whose signature appears on the Rule 37 sanctions motion. Accordingly, Mr. Coate will be the subject of the court's Rule 11 inquiry.

The inquiry will be bifurcated. First, we will determine whether sanctions are warranted. If that question is answered in the affirmative, we will then address the question of what the sanction should be. (At that point we would take up the question of Asher's reasonable fees for defending the Rule 37 motion.)

Mr. Coate is requested to file, by March 29, 2001, a statement as to why he should not be found to have violated Rule 11(b)(2) by filing the Rule 37(c)(2) sanctions motion against Asher when he

knew or reasonably should have known the motion was not warranted by existing law.  Asher may reply by April 12, 2001.

**DATE:** March 8, 2001

**ENTER:** _____
John F. Grady, United States District Judge